[Crim. No. 5406.   Second Dist., Div. One.   Dec. 9, 1955.]

THE PEOPLE, Respondent, v. HARRY WILLIAM
COGHLAN, Appellant.

Walter Gould Lincoln for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller,
Deputy Attorney General, for Respondent.

DORAN, J.—Defendant was charged by information with
the violation of section 274 of the Penal Code.   The abortion
was performed on Dorothy Kwiat.   A jury was duly waived
and following the trial defendant was adjudged guilty.   Sen-
tence was suspended and defendant placed on probation for
five years, the first six months thereof to be served in the county
jail.

It is contended on appeal that the corpus delicti was not
proven; that the testimony of the complaining witness was
not corroborated; that "the decision is against law for the
reason that no intent on the part of the defendant was
proven."

It is also contended that "Search of defendant's house was
made without any warrant having been issued.   An arrest
was made by a peace officer who neither saw the offense com-

mitted, nor could then have had reasonable cause for believing the person arrested to have committed it. Penal Code 836.''

Other contentions relate to the trial court's rulings on objections and motions relating to the admissibility or inadmissibility of evidence.

As recited in respondent's brief, ''On August 5, 1954, after she had missed two periods, but was in the best of health, she talked to the appellant at his office, which was in his home on Rimpau. She gave the name 'Judy Steele,' which was a pet name and her maiden name. She told the appellant that she was pregnant and wanted him to help her.'' Appellant quoted a price of $25 for an examination and $10 for each treatment. From August 9th to the 14th inclusive the alleged victim visited appellant's office daily and received treatments. ''On Sunday, the 15th, Mrs. Kwiat went to the appellant's house on South Rimpau and was shown into the treatment room by the receptionist. Mrs. Kwiat showed the appellant that her dress was soaking wet. She felt as though she was running a very high fever. The appellant said, ''Don't become panicky now. If you have any pains or undue or excess cramps, take a shot of brandy,' and told her if she bled excessively, to drink jello. Then the appellant gave her a treatment which was the same in every respect, and was with the same instruments, as those she had received on the previous six days. . . . ''On Monday she called another physician, who prescribed terramycin, but she did not order it. She was bleeding from her vagina. She was taken to the Los Angeles County General Hospital on Monday at about 8 :00 p.m.'' There the miscarriage occurred.

On August 19th Officer Zander visited appellant. ''There he told the appellant that his name was Fletcher Longstaff and that he wanted to talk to him about his girl friend.''

■ In the conversation that followed appellant admitted the ''treatment'' but did not admit literally that any violation of the law was involved. However, from a reading of Officer Zander's testimony it is evident that the trial judge reached the conclusion that appellant, in effect, admitted to the officer the true purpose of the treatments. It is the function of the trial judge to interpret the testimony of the witness and in the light of the record the conclusion of the trial judge as noted above was not unwarranted as a matter of law. The record therefore supports appellant's contention that the testimony of Mrs. Kwiat was corroborated.

Other contentions of appellant, as above noted, lack supported in the record. That the corpus delicti was proven there

is no question and the contention regarding Officer Zander's search of appellant's house is also without merit. As the record discloses at the time the officer visited appellant and following the conversation with appellant as above noted, appellant was placed under arrest. The officer then searched the office for instruments, etc. These articles were introduced in evidence and incidentally there was no objection to their introduction.

Without going into detail it is sufficient that no prejudice resulted from the court's rulings with regard to the admission and exclusion of evidence or the examination of the witnesses.

A review of the record reveals that the evidence is sufficient as a matter of law to support the judgment and that no prejudicial errors occurred during the trial. The judgment and order are therefore affirmed.

White, P. J., and Ashburn, J. pro. tem.,* concurred.

*Assigned by Chairman of Judicial Council.